STATE of Iowa, Appellee,

v.

John Joe RAMIREZ, Appellant.

No. 85–1501.

Supreme Court of Iowa.

Feb. 18, 1987.
Rehearing Denied March 16, 1987.

David W. Newell, Muscatine, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan and Rebecca L. Claypool, Asst. Attys. Gen., and Stephen J. Petersen, Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

The defendant John Joe Ramirez entered an *Alford*[1] plea to a charge of lascivious acts with a child. *See* Iowa Code § 709.8 (1985). He appealed after he was sentenced to an indeterminate term of five years. *See* Iowa Code § 902.9(4). The court of appeals held that the district court abused its discretion by denying the defendant's request to withdraw his guilty plea. Because of its decision, the court of appeals did not reach a second issue raised by the defendant: whether the district court abused its discretion by denying the defendant probation. On further review we vacate the decision of the court of appeals and affirm the district court's judgment on both issues.

The State initially charged the defendant with sexual abuse in the second degree in violation of Iowa Code section 709.3(2) (1985). According to the minutes of testimony, the victim, a ten-year-old girl and daughter of the defendant's girlfriend, would testify that the defendant had engaged in sex acts with her over a three-year period. The minutes also referred to medical evidence corroborating a history of probable sexual abuse.

The defendant denied guilt but agreed to plead guilty to a lesser charge of lascivious acts with a child, fearing conviction of the more serious charge of sexual abuse. Judge J.L. Burns accepted an *Alford* plea from the defendant, ordered a presentence investigation report, and deferred acceptance or rejection of the plea agreement until the receipt of the presentence investigation report.

The presentence investigation report was filed on the date of sentencing and recommended incarceration based on the fact that the defendant refused to admit any wrongdoing. After review of the report with the defendant, defense counsel requested the sentencing court, Judge Margaret Briles, to reject the plea agreement and allow the defendant to withdraw his plea of guilty. The court denied the request and proceeded to sentence the defendant to a term of imprisonment not to exceed five years.

## I. Refusal to allow withdrawal of guilty plea.

The defendant contends the district court abused its discretion by refusing to allow him to withdraw his guilty plea. He asserts that, because the court determined a presentence investigation should be received before acceptance of the plea agreement, he was led to believe that he would at least be considered for probation. Because the presentence investigation report recommended against probation based upon defendant's refusal to admit guilt, the defendant argues he was misled because his chances of receiving probation were actually nonexistent. The defendant asserts that in these circumstances the district court should have allowed him to withdraw his plea of guilty and proceed to trial on the sexual abuse charge.

Iowa Rule of Criminal Procedure 8(2)(*a*) provides in part:

> At any time before judgment, the court may permit a guilty plea to be withdrawn and a not guilty plea substituted.

Iowa Code section 777.15 (1977), predecessor to rule 8(2)(*a*), had similar language:

---

**1.** A defendant may voluntarily and intelligently plead guilty even if he is unwilling or unable to admit his participation in the acts constituting the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970); *State v. Reed*, 252 N.W.2d 455, 457 (Iowa 1977); *State v. Heinen*, 252 N.W.2d 454, 455 (Iowa 1977); *State v. Schultz*, 245 N.W.2d 316, 317 (Iowa 1976); *State v. Hansen*, 344 N.W.2d 725, 727 (Iowa Ct.App.1983).

At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted.

Our cases interpreting section 777.15 held that it was discretionary with the trial court whether to grant or deny a withdrawal of a plea of guilty. *See State v. Tillman*, 228 N.W.2d 38, 39 (Iowa 1975); *State v. Watts*, 225 N.W.2d 143, 146 (Iowa 1975); *State v. Weckman*, 180 N.W.2d 434, 436 (Iowa 1970). We apply the same interpretation to rule 8(2)(*a* ). We will not find an abuse of discretion unless the defendant shows "that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982) (quoting *State v. Buck*, 275 N.W.2d 194, 195 (Iowa 1979)). We will uphold a refusal of permission to withdraw a plea of guilty where

a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion. . . .

*Weckman*, 180 N.W.2d at 436. With these principles in mind we turn to the record in this case.

Although protesting his innocence, the defendant entered an *Alford* plea pursuant to a plea agreement whereby the State reduced the charge from second-degree sexual abuse to lascivious acts with a child and agreed to make no sentencing recommendation.[2] During the plea Judge Burns addressed the defendant personally and informed him of the nature of the charge, the maximum punishment possible, and the constitutional trial rights he was waiving by virtue of his plea. *See* Iowa R.Crim.P. 8(2)(*b* ). The defendant acknowledged that he understood the court's explanations as to all of these matters. He also acknowl-

edged that his plea was his own voluntary decision, that no threats or promises were made to influence his decision and that no predictions were made as to his final sentence.

The court determined the plea was voluntary and from the minutes of testimony found that there was a factual basis for the plea. *See State v. Townsend*, 238 N.W.2d 351, 355 (Iowa 1976) (factual basis may be determined from the minutes in an *Alford* plea); *State v. Hansen*, 344 N.W.2d 725, 729 (Iowa Ct.App.1983) (same). The court then *accepted* the *Alford* plea but deferred its decision to accept or reject the plea agreement until receipt of the presentence investigation report. *See* Iowa R.Crim.P. 9(2). The court advised the defendant that it would allow him to withdraw his plea if the court rejected the plea agreement. *See* Iowa R.Crim.P. 9(4). The court then advised the defendant of his right to file a motion in arrest of judgment. *See* Iowa R.Crim.P. 8(2)(*d* ).

The record amply supports a finding that a factual basis existed for the plea and that the plea was entered knowingly, voluntarily and intelligently. Moreover, the defendant concedes there was no error in the plea proceedings, that it was never promised that he would receive probation and that the county attorney did not deceive him in any manner.

In reviewing the presentence investigation report at the time of sentencing, the defendant and his counsel learned for the first time that the presentence investigator recommended incarceration because of defendant's refusal to admit any wrongdoing. Before the court pronounced judgment, defense counsel requested permission to withdraw the guilty plea. The following colloquy then took place between Judge Briles and defense counsel:

---

**2.** The maximum punishment for second-degree sexual abuse, a class "B" felony, is confinement for not more than twenty-five years. *See* Iowa Code § 902.9(1). The crime is a forcible felony, *see* Iowa Code § 702.11, not subject to probation, *see* Iowa Code § 907.3. In contrast, the maximum punishment for lascivious acts with a

child, a class "D" felony, is confinement for not more than five years. *See* Iowa Code § 902.-9(4). Because of the child's age, a deferred sentence would have been precluded, *see* Iowa Code § 907.3(1)(a), but not probation, *see* Iowa Code § 907.3(1).

*Counsel:* Your Honor, Mr. Ramirez—I do point out to the court that Judge Burns, when he took this plea, withheld acceptance or rejection of the plea agreement, and I have discussed this with Mr. Ramirez, he's indicated to me that he would like the court to reject the plea agreement and allow him to withdraw his guilty plea at this time.

*The Court:* Well, I'm sorry, but there is no reason to do that.

*Counsel:* Okay. Well, the basis for the recommendation, as I understand it, is that Mr. Ramirez has not indicated that he feels he's done anything wrong, and I would point out to the court that he's denied from day one that he did the things with [the victim] that he was charged with.

*The Court:* He did plead guilty.

*Counsel:* He pled guilty based on the belief that this would be in his best interest, that's correct. He denies having done those things with [the victim].

. . . .

Since then, Mr. Ramirez has, on his own, contacted Great River Mental Health, has made arrangements to receive counseling and therapy. The presentence investigation indicates that he does have a long history of employment at the same place, a good record in the community. He stands to lose all of that if he's imprisoned. I believe that there is a good reason to believe that Mr. Ramirez could receive therapy here in the community, and it is not necessary to incarcerate him. *His basis for asking that his guilty plea be withdrawn is that he feels if he's going to have to be incarcerated, he's entitled to a trial, and he wishes to have an opportunity to present his case to the jury.*

*The Court:* Well, let me say this: I wasn't present at the time that the plea was taken, but it says that he gets to plead guilty to the lesser offense, that the State agrees to make no recommendation concerning sentence, and then it says special conditions, payment of court costs, and then it says concurrence of the Court to this agreement is a condition to the acceptance of the plea. Now, the only reason for the concurrence of the Court, of course, is letting him plead guilty to a lesser included offense. And I have no problem with that. The Court could not accept his plea unless the Court found a factual basis. The Court could not accept his plea unless the Court had found and assured himself that the defendant understood that the—the consequences of the plea. And he never would have accepted the plea unless he had been assured by the defendant that no one had made him any promises other than what appears here with respect to what his punishment would be.

Now, are you going to tell me that the Court didn't ascertain those things?

*Counsel:* No, Your Honor.

*The Court:* Then I find no lawful reason to permit the defendant to withdraw his plea. I have no problem allowing him to plead to the lascivious acts offense, and I am certainly not going to second-guess the Judge as to the factual basis. Certainly the minutes of evidence which I have read supply the—substantial factual basis.

(Emphasis added.)

 Because the presentence investigator recommended incarceration, the defendant understandably realized that his chances for probation were not good. It was at this point that he requested the court to reject the plea agreement and allow him to withdraw his plea of guilty. We conclude the request was based solely on the defendant's disappointed expectation that he would receive probation, a conclusion supported by the foregoing colloquy and by the timing of the request. However, our cases make it clear that a disappointed expectation of leniency is not enough to require withdrawal of a guilty plea. *See State v. Vantrump,* 170 N.W.2d 453, 454 (Iowa 1969); *State v. Whitehead,* 163 N.W.2d 899, 902 (Iowa 1969). Moreover, "a defendant cannot be permitted to enter a guilty plea, gamble on the sentence, and then move to withdraw the plea if he is

disappointed with the severity of the imposed sentence." *State v. Lindsey,* 171 N.W.2d 859, 865 (Iowa 1969).

We note the foregoing colloquy is devoid of any claim by the defendant that he was misled, a claim he now raises for the first time in this appeal. In any event, we conclude this claim is without merit. Although the presentence investigator's recommendation of incarceration was based in part on the defendant's refusal to admit guilt, there is no evidence that the sentencing court felt bound by that recommendation. Nor is there any evidence that the court considered the defendant's refusal to admit guilt in its sentencing decision. We, like the sentencing court, conclude that the defendant presented no lawful reason to permit him to withdraw his guilty plea.

We conclude that under the facts of this case the district court did not abuse its discretion by denying the defendant's request to withdraw his guilty plea.

## II. *Refusal to grant probation.*

Defendant also contends that the court abused its discretion by denying him probation. His abuse of discretion argument is premised on the assertion that the court considered only one factor, deterrence, in refusing to grant probation.

Granting probation is a matter of the trial court's broad discretion subject only to the statutory provision that the grant shall promote the rehabilitation of the defendant and the protection of the community. *State v. Darrin,* 325 N.W.2d 110, 112 (Iowa 1982); *State v. Killpack,* 276 N.W.2d 368, 373 (Iowa 1979); Iowa Code §§ 901.5, 907.5 (1985). We will interfere only upon the finding of abuse of that discretion. *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982). Each decision must be made on an individual basis, and no single factor is alone determinative. *Id.*

In accordance with Iowa Rule of Criminal Procedure 22(3)(*d* ), the sentencing court gave its reasons for the sentence:

The Court, for the reasons set out in the presentence investigation ... [is of

the opinion that] we need to vindicate the right of a child to be safe from an adult in a parental role.... And to vindicate the child, if nothing else, I think incarceration must occur. In addition, the psychological makeup of the defendant and others like him is such that in the opinion of the Court the only effective deterrent is incarceration. Consequently, the plea for probation is rejected.

The presentence report noted that

[t]he major need in the case is for Mr. Ramirez to be incarcerated mainly for the protection of the community and, in particular, children.

Viewing the court's statements in context, we believe it considered the following reasons in rejecting defendant's plea for probation: the seriousness of the offense; the protection of the community and, in particular, children from further criminal conduct by the defendant; and the deterrence of similar conduct in the future. All are proper sentencing objectives. *See State v. Ludwig,* 305 N.W.2d 511, 513 (Iowa 1981) (seriousness of the crime, the danger to the public, and the deterrence of similar criminal acts); *State v. Post,* 286 N.W.2d 195, 204 (Iowa 1979) (general deterrence and seriousness of the crime); *State v. Buck,* 275 N.W.2d 194, 195 (Iowa 1979) (protection of community, seriousness of the crime, and rehabilitation of defendant). The sentence fit the defendant and the circumstances, and no single factor was alone determinative in the court's determination to reject probation.

We conclude the district court did not abuse its discretion by denying the defendant probation.

DECISION OF COURT OF APPEALS VACATED AND JUDGMENT OF DISTRICT COURT AFFIRMED.