# IN THE COURT OF APPEALS OF IOWA

No. 13-1851
Filed October 29, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH LEE BARNES,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, Judge.

The defendant challenges his sentence following conviction for harassment in the second degree. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and William J. Hoekstra, Assistant County Attorney, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Joseph Barnes pleaded guilty to harassment in the second degree, in violation of Iowa Code section 708.7(1) and (3) (2013), arising out of a series of telephonic threats he made to a woman to kill the woman's mom, dad, boyfriend, and minor children and to have sex with the woman's minor children. The court sentenced Barnes to seven days in jail and imposed a fine of $315. The court also entered a sentencing no contact order prohibiting Barnes from having contact with the woman and her two minor children. On appeal, Barnes contends (1) the district court abused its discretion in imposing sentence, and (2) the sentencing no contact order is illegal.

We first address Barnes' argument regarding the district court's abuse of discretion. The district court is free to impose any sentence within the statutory maximum, and we will not reverse the sentence absent an abuse of discretion. *See State v. Floyd*, 466 N.W.2d 919, 924 (Iowa Ct. App. 1990). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). "[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). To establish the court abused its discretion, Barnes must show the sentencing court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999).

Barnes argues the sentencing court impermissibly focused on only a single factor in imposing sentence: the nature of the offense, including the threat to the woman's minor children. The record belies Barnes' argument. The record reveals the court exercised its discretion based on the consideration of several permissible factors without consideration of impermissible factors. The court stated it considered the nature of the offense as described in the minutes of testimony, the plea agreement, and the attorneys' respective sentencing recommendations. Although no presentence investigation report was available for sentencing for this misdemeanor offense, the court inquired about the defendant's criminal history. The prosecutor stated, and the defendant agreed, the defendant had prior felony convictions for forgery and burglary as well as five convictions for driving while suspended. While the court referenced the threat to the woman's children, it did not identify the children as "victims" of the offense or state the defendant tried to communicate with the children. The court simply noted the mother and the children were subjects of the threat. We conclude the court considered only permissible sentencing factors without improperly focusing on a single factor. Accordingly, Barnes' challenge to his sentence fails. *See State v. Ramirez*, 400 N.W.2d 586, 590 (Iowa 1987) (affirming sentence where the record demonstrated the court considered more than one permissible sentencing consideration).

Barnes next contends the sentencing no contact order is illegal. Specifically, Barnes argues the sentencing court erroneously checked a box on the no-contact-order form finding Barnes committed domestic abuse assault,

which subjects him to additional collateral consequences. The text beside the checked box on the form states:

> If checked, the defendant has been convicted of domestic abuse assault under Iowa Code 708.2A. Therefore, the defendant shall not possess, ship, transport, or receive firearms, offensive weapons, or ammunition unless such rights have been restored in accordance with Iowa Code section 724.27. Defendant shall deliver all firearms to the CERRO GORDO County Sheriff or (law enforcement agency) on or before October 28, 2013.

The State concedes the defendant was convicted for harassment in the second degree and not domestic abuse assault and the finding was in error. The State further concedes the sentencing no contact order should be corrected. Accordingly, this portion of the no contact order is vacated. This matter shall be remanded for the entry of a corrected sentencing no contact order.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**