**IN THE COURT OF APPEALS OF IOWA**

No. 14-0108
Filed June 10, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

vs.

**ADAM SCOTT LEIVA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.


The defendant appeals his consecutive sentences.  **AFFIRMED.**


Beau A. Bergmann of Bergmann Law Firm, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Kelli Huser, Assistant Attorneys General, Jennifer Miller, County Attorney, and Benjamin J. Stansberry, Assistant County Attorney, for appellee.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Adam Leiva pleaded guilty to two counts of assault while participating in a felony, in violation of Iowa Code sections 708.1 and 708.3 (2013), forcible felonies, and was sentenced to five years' incarceration for each offense, said sentences to be served consecutive to each other. On appeal, he contends the district court failed to "properly consider all reasonable factors" in imposing sentence, which we interpret to mean the district court should have placed greater weight on the mitigating factors.

We review the district court's sentencing decision for correction of errors at law. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentence within statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* An abuse of discretion is only found if "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

Here, the sentencing court considered the information contained in the presentence investigation report and discussed its reasons for imposition of consecutive sentences, including the defendant's prior adult criminal history and the nature of the instant offenses. The district court did not consider any improper sentencing considerations. We cannot conclude the district court abused its discretion in imposing consecutive sentences. The sentences are affirmed without further opinion. *See State v. Ramirez*, 400 N.W.2d 586, 590 (Iowa 1987) (affirming sentence where the record demonstrated the court considered more than one permissible sentencing consideration); *see also* Iowa Ct. R. 21.26(1)(a), (c), and (e).

**AFFIRMED.**