# IN THE COURT OF APPEALS OF IOWA

No. 14-0869
Filed July 27, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JAYME SUE SCHROEDER,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Clayton County, Richard D. Stochl,

Judge.


　　　　Jayme Schroeder appeals from the judgment and sentence entered

following her guilty plea.　**AFFIRMED.**


　　　　Kevin E. Schoeberl of Story, Schoeberl & Seebach Law Firm, Cresco, for

appellant.

　　　　Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant

Attorney General, for appellee.


　　　　Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Jayme Schroeder appeals from the judgment and sentence entered following her guilty plea. She contends the district court erred in denying her motion in arrest of judgment and abused its discretion in sentencing her. Finding no reason to disturb the district court's rulings, we affirm.

On October 9, 2012, Jayme Sue Schroeder was charged by trial information with

> the crime of possession of precursors with intent to manufacture, a class "D" felony, committed as follows: . . . Schroeder on or about the 24th day of July, 2012, . . . did possess pseudoephedrine and sodium hydroxide with the intent that the products be used to manufacture a controlled substance, in violation of Iowa Code section 124.401(4) (2011).[1]

On September 20, 2013, the district court denied a motion to suppress filed by Schroeder's counsel, as well as a motion to dismiss filed by Schroeder pro se. With respect to the pro se motion to dismiss, the district court ruled:

> Among other things, [Schroeder] argues that the court must dismiss this case because the State committed contempt by refusing to direct the defendant to appear before the court in compliance with a May 29, 2013 order; the State has failed to produce evidence; and the defendant disapproves of the representation received from counsel. The court concludes that [Schroeder's] motion to dismiss lacks merit.
> For purposes of addressing the defendant's pro se arguments, the court notes that an initial appearance was held May 29, 2013, following [Schroeder's] arrest the day before. The court then reset the trial and pretrial conference and held a bond review

---

[1] On October 22, 2013, the State filed a motion to amend the trial information, "which is being offered to state the exact Iowa Code section, subsection, and precursor that the defendant is charged with." The amended trial information accused "Schroeder of the crime of possession of a product with intent that the product be used to manufacture a controlled substance, methamphetamine, a class 'D' felony, committed as follows: . . . [she] did possess pseudoephedrine with the intent that the product be used to manufacture a controlled substance, in violation of Iowa Code section 124.401(4)(b) (2011)."

proceeding. The court notes that it denied the defendant's pro se motion to produce because "[t]he State has provided all evidence to defendant's counsel." Further, the record shows that the court has addressed the defendant's concerns regarding the representation she has received from court-appointed counsel in multiple proceedings.

Trial was set to begin on October 23, 2013. On October 22, 2013, Schroeder—represented by appointed counsel, Stuart Hoover—filed a motion in limine asking the court to allow the magistrate from her preliminary hearing to testify at trial and that the court exclude evidence of other purchases or theft of pseudoephedrine and/or lye. The State also filed motions in limine seeking to use impeaching prior convictions and to be allowed to introduce evidence of "defendant's numerous purchases of pseudoephedrine as shown on various logs" as well as "admissions to prior meth use in the recorded interview."

On October 23, plea negotiations took place, and Schroeder pled guilty to the charged offense pursuant to a plea agreement. The plea agreement, which required the court's acceptance, called for a five-year suspended prison term with the State making no recommendation as to the sentence, and the defendant being allowed to argue for probation. A presentence investigation (PSI) report was ordered, and sentencing was set for February 4, 2014.

On December 5, 2013, Schroeder filed a pro se motion to withdraw her plea, which the State resisted.

On January 14, 2014, Schroeder filed a pro se motion in arrest of judgment, which also was resisted by the State.

A hearing was held on May 20, 2014, at which Schroeder was represented by attorney Luke Guthrie, and the court addressed Schroeder's pro

se motions. Schroeder testified she had not received a timely initial appearance; complained of plea counsel's performance; and stated she felt compelled to plead guilty because her attorney had yelled at her and she did not understand that the plea allowed for a possible placement at a residential facility.

On cross-examination, the State had Schroeder read from the plea transcript:

> Q. Okay. Could you start reading where it says, "The Court" at the bottom of the page there. This is on page 8. A. You understand that the terms and conditions of the plea agreement that the State is not recommending that you go to the Residential Facility as a term of your probation; you understand that? Yes. But you do further understand that the presentence investigation report could recommend that; you understand that? Defendant said yes.
> Q. Okay. I'm going to turn to page 9. And could you read at the top starting with, "The Court." A. And I understand that it is not going to be the requirement that you are to go there, but it is a possibility; you understand that? Yes. How—Is it still your desire to plead guilty? Yes.
> Q. Okay. That's enough. So you were told by the Court then that it was a possibility you could go to the Residential Facility under this plea; is that correct? A. Yes, but I didn't fully understand because when it said binded by the Court, I guess—I was just nervous and I didn't—yeah.

Schroeder's former attorney, Hoover, was called by the State to testify, as was co-counsel, Taryn Purcell, who was present at the plea negotiation and proceeding. Schroeder waived her attorney-client privilege and both attorneys testified.

The district court stated on the record:

> Trial information in this matter was filed on October 9. Attorney Steve Hodge from the Public Defender's Office was appointed to represent [Schroeder]. Defendant filed a motion to have Mr. Hodge withdraw. The matter proceeded to hearing before the court. Mr. Hodge withdrew because a[n] ethics complaint had been filed against him by [Schroeder]. He withdrew on February 12, 2013.

Greg Schiller was appointed. On May 29, 2013, Greg Schiller, an attorney from Monona, received a letter from a Dirk Fishback, which the court has read and finds to be a threatening letter, demanding that Mr. Schiller withdraw from his representation of [Schroeder]. The letter accused him of collusion with the county attorney's office, violating his oath, and not representing the best interests of Ms. Schroeder. Mr. Schiller filed a request to withdraw.

Stuart Hoover, who has testified in this matter, was appointed. That was on June 5 of 2013. On June 17, 2013, defendant filed a pro se motion to dismiss this matter on the grounds of the failure to have an initial appearance. On June 25 she filed a motion to have Mr. Hoover withdraw, alleging that he was not representing her best interests, even though he'd been on the case for a total of twenty days. That matter proceeded to hearing before Judge Dalrymple who denied her motion.

The court will be filing a written ruling on [Schroeder]'s motion in arrest of judgment. The court will also file a motion—a written ruling on the motion on the pretrial release; however, I'm going to rule from the bench on both motions. The motion in arrest of judgment is denied. The motion to dismiss based on a violation of pretrial release has already been ruled upon and is also denied. The court does find that Mr. Hoover did properly represent [Schroeder]. [Schroeder] has not been cooperative with any attorney she's had. That's clear from this record. She was not cooperative with Mr. Hoover. Mr. Hoover did file a witness and exhibit list. The exhibit list listed her medical records as a proposed exhibit. Defendant was fully aware of the terms and conditions of her plea agreement. That is clear by the memorandum of plea agreement and the statements on the record. It is clear to this court that [Schroeder] just wishes to continue to delay these matters in hopes that they'll go away. Therefore, the motions are denied.

The matter then proceeded to sentencing. The State took no position. Schroeder sought "street probation." The court took notice of a letter sent by Schroeder's probation officer (indicating she had tested positive for methamphetamine while on supervised probation) and her failure to follow through with recommended mental-health or substance-abuse treatment. The court entered a sentence consistent with the plea agreement, and ordered she be "placed in the corrections continuum for evaluation of the proper level of

supervision, and as a requirement of your probation you will reside at the West Union Residential Facility for one year or until maximum benefits can be obtained." Schroeder appeals.

We find no abuse of discretion in the court's denial of her motion to withdraw her plea. *See State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987) (noting the decision to deny the withdrawal of a guilty plea will be upheld unless the defendant can demonstrate an abuse of that discretion).

Nor do we find the court abused its discretion in its sentencing. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.").

We have also reviewed Schroeder's pro se filing in which she complains about her three trial attorneys, the clerk of court, the district court judge, a court reporter, the county attorney, and her appellate attorney. Nearly all of her complaints were raised in either her motion to dismiss or her motion in arrest of judgment. However, she fails to identify any authority or explain how the district court erred in its ruling on the motions. We conclude all of Schroeder's complaints are waived by her failure to support her complaints with legal authority. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). We therefore affirm.

**AFFIRMED.**