**IN THE COURT OF APPEALS OF IOWA**

No. 15-1883
Filed September 14, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CODY MICHAEL BERTRAM,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Butler County, Peter B. Newell, District Associate Judge.

Cody Bertram appeals following his plea of guilty to second-degree theft. **AFFIRMED.**

Harry L. Haywood III of Haywood Law Office, Eldora, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Cody Bertram appeals following his guilty plea to theft in the second degree, in violation of Iowa Code section 714.2(2) (2015). He contends the district court abused its discretion in failing to allow him to withdraw his plea upon claims of improper or late disclosure of "key evidence" by the State. He argues he found out the identity of the informant who provided information supporting the warrant shortly before entering his plea. Finding no abuse of discretion, we affirm.

On March 16, 2015, a Waterloo resident reported the theft of a trailer and two snowmobiles from his home. On April 26, deputies executed a search warrant at the home of Charles Schrage and found one of the stolen snowmobiles. Schrage reported that Bertram had shown him a bill of sale for the blue snowmobile. Zachary Kastner, who was also present at the search, reported that Bertram had shown him a photo of a red snowmobile and that Bertram had traded the snowmobile to Rodney Robinson for a car. Police recovered the red snowmobile and trailer from Robinson, who confirmed Bertram had traded them for Robinson's Pontiac Bonneville in mid-March.

On June 17, 2015, Bertram was charged with second-degree theft. Bertram entered a written guilty plea on August 26, 2015.

On October 6, 2015, Bertram filed a motion in arrest of judgment, challenging the guilty plea on the grounds that it was entered without informed consent and in violation of his constitutional rights. He also requested a suppression hearing to challenge the search warrant, claiming it lacked probable cause. The district court denied the motion and entered judgment and sentence.

On appeal, Bertram contends that had he and his attorney known the identity of the informant providing the basis of the original warrant "sufficiently in advance of the plea hearing to discuss the matter, they would have filed a motion to suppress all of the evidence" because the informant was "an unreliable person." He contends that when he had "time to discuss the matter," he learned it was unlikely the informant would testify, and he then sought to change his plea.

"We review a district court's grant or denial of a motion in arrest of judgment and a motion to withdraw a plea for abuse of discretion." *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). Where a defendant enters a plea with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty "understandably and without fear or persuasion," the court does not abuse its discretion in refusing to allow withdrawal of that plea. *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998) (quoting *State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987)).

Bertram failed to prove any deficiency in his plea requiring arrest of judgment. The trial court complied with the procedures required. *See* Iowa R. Crim. P. 2.8(2)(b). Bertram does not challenge the district court's guilty plea colloquy. At the August 26, 2015 plea hearing, the court ensured Bertram understood the potential penalties, the nature of the charge, and the trial rights being waived. The court also established a factual basis for the plea. In his written plea, Bertram admitted that he exercised control over property he knew was stolen and that the property's value exceeded $1000.

Bertram's asserted suppression challenge did not require an arrest of judgment. The search warrant pertained to the farm of Charles Schrage. There

is nothing in this record that would indicate Bertram had a reasonable expectation of privacy in another person's shed to challenge the search. *See State v. Lowe*, 812 N.W.2d 554, 567 (Iowa 2012) ("In order to object to the evidence on constitutional grounds, [a defendant] must show that his own constitutional rights, under either the state or federal constitutions, have been violated."). More importantly, Bertram waived any error by pleading guilty. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."). Bertram does not claim plea counsel was ineffective.[1] We affirm the conviction.

**AFFIRMED.**

---

[1] *See Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011) ("[T]he distinction between ineffective-assistance-of-counsel claims that do not survive a guilty plea as illustrated in *Speed* and those that do survive is the existence of a showing that the pre-plea ineffective assistance of counsel rendered the plea involuntary or unintelligent. The component of the claim involving the voluntariness of the plea is largely tied to the prejudice element of all ineffective-assistance-of-counsel claims. *Id.* This element means criminal defendants who seek postconviction relief after pleading guilty must establish the guilty plea would not have been entered but for the breach of duty by counsel.").