# IN THE COURT OF APPEALS OF IOWA

No. 22-0474
Filed October 5, 2022

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**THANH VAN NGUYEN,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.


　　A defendant appeals the district court's denial of his motion in arrest of judgment. **AFFIRMED.**


　　Eric D. Puryear and Eric S. Mail of Puryear Law P.C., Davenport, for appellant.

　　Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


　　Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Thanh Van Nguyen appeals the district court's denial of his motion in arrest of judgment. He alleges his guilty plea was not entered knowingly and voluntarily because his written guilty plea was not translated into Vietnamese for him. Upon our review, we find no abuse of discretion and affirm the district court's decision.

On October 15, 2021, Nguyen entered a written guilty plea to two class "C" felonies and one class "D" felony. Thereafter, Nguyen hired new counsel and filed a motion in arrest of judgment on November 24. On February 9, 2022, the district court held an in-person hearing on Nguyen's motion and sentencing. The court denied Nguyen's motion in arrest of judgment and his subsequent request for a continuation of sentencing. Pursuant to the plea agreement, the court sentenced Nguyen to supervised probation and a suspended sentence.

Nguyen filed a timely notice of appeal in the form of an application for permission to appeal under Iowa Code section 814.6(1)(a)(3) (2021) (granting right of appeal after a guilty plea where the defendant establishes good cause). Although Nguyen contends that his plea was not made knowingly and intelligently, our supreme court in *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021), expressly declined to "expand the concept of good cause and hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right." However, Tucker's failure to file a motion in arrest of judgment presents a key distinction from Nguyen's case. *See Tucker*, 959 N.W.2d at 154. For this reason, the proper vehicle for Nguyen's challenge lies under Iowa Code section 814.6(2)(f), which permits discretionary review from an order denying a motion in arrest of judgment on grounds other than an ineffective-assistance-of-

counsel claim. *See State v. Scott*, No. 20-1453, 2022 WL 610570, at *3–5 (Iowa Ct. App. Mar. 2, 2022) (bypassing defendant's good-cause argument to appeal from a guilty plea and granting discretionary review of an order denying his motion in arrest of judgment). Iowa Rule of Appellate Procedure 6.108 allows us to proceed as though Nguyen requested the proper form of review.

Discretionary review is available when "the grounds set forth in any statute allowing discretionary review exist." Iowa R. App. P. 6.106(2). Because Nguyen seeks review of an order denying a motion in arrest of judgment on grounds other than an ineffective-assistance-of-counsel claim, we find the grounds set forth in Iowa Code section 814.6(2)(f) satisfied and elect to grant discretionary review.

"We review a denial of a motion in arrest of judgment for abuse of discretion and will reverse only if the ruling was based on reasons that are clearly unreasonable or untenable." *State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002). Nguyen alleges the district court abused its discretion by denying his motion in arrest of judgment because he lacks comprehension of the English language.

Over the course of the plea negotiation and execution, Nguyen worked with two different criminal defense attorneys. Both testified at the hearing on his motion in arrest of judgment. Nguyen's first attorney recounted that they conversed in English during initial meetings, and he did not find any difficulty communicating. However, a friend or family member contacted the attorney and informed him to request a Vietnamese interpreter for Nguyen. In May 2021, an interpreter read through a prepared plea agreement and guilty plea with Nguyen and his attorney. Nguyen signed the written plea agreement at that time. However, at Nguyen's

direction, the attorney filed a motion to continue and waiver of speedy trial one week later and withdrew from the case.

Nguyen's second attorney practices immigration law in addition to criminal defense and has experience working with individuals whose first language is not English. He testified to meeting with Nguyen at least a half dozen times without the aid of an interpreter, recounting that he needed to repeat himself at times but believed they were able to communicate. In fact, Nguyen was able to ask him fact-based questions regarding the police reports and raised concerns about the signature on the search warrant. The pair developed a counteroffer to the original plea agreement, to which the State agreed. On September 28, an interpreter attended a status conference via video hearing. Nguyen signed the written plea agreement on October 15. While the final versions of the guilty plea and memorandum of the plea agreement were not interpreted for Nguyen, these documents appear nearly identical to those interpreted in May, except for the negotiated sentence and a paragraph discussing restitution. The attorney testified that Nguyen never expressed uncertainty as to what the documents meant.

Nguyen participated in the hearing on his motion in arrest of judgment via an interpreter. He testified that he was not able to understand the written plea of guilty and wished to take back the plea in order to fight his case. Ultimately, the court found that Nguyen's plea was made voluntarily, intelligently and knowingly, and it had a factual basis.

"We will uphold a refusal of permission to withdraw a plea of guilty 'where a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without

fear or persuasion . . . .'" *State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987) (citation omitted). We are unable to fully assess Nguyen's level of English proficiency on this record. *See State v. Alagic*, No. 14–2142, 2016 WL 1678314, at *2 (Iowa Ct. App. Apr. 27, 2016) (finding record inadequate to determine defendant's level of English proficiency amidst inconsistent use of an interpreter and ability to converse with district court and counsel, and therefore, affirming his sentence). In light of the prior interpretation and counsel's testimony regarding his comprehension, we find Nguyen's self-serving testimony insufficient to reverse the district court's finding. *See State v. Frederick*, No. 05-2055, 2006 WL 2873303, at *2 (Iowa Ct. App. Oct. 11, 2006) ("The only evidence of misinformation comes from Frederick's self-serving testimony at the hearing on the motion in arrest of judgment. We conclude Frederick's testimony, without more, was insufficient to prove the plea was involuntary, unknowing, or unintelligent."). Accordingly, we find no abuse of discretion and affirm the court's decision to deny the motion in arrest of judgment.

**AFFIRMED.**