# IN THE COURT OF APPEALS OF IOWA

No. 24-0918
Filed May 7, 2025

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**STEVEN VIVAS,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Scott County, Meghan Corbin, Judge.

 A defendant appeals the district court's denial of his motion in arrest of judgment and his prison sentence. **AFFIRMED.**

 Jesse A. Macro, Jr. of Macro Law, LLP, Des Moines, for appellant.

 Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

 Considered without oral argument by Badding, P.J., Buller, J., and Carr, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BADDING, Presiding Judge.**

In October 2023, Steven Vivas pled guilty to stalking in violation of a protective order. More than two hundred days later—and after continually violating the protective order while awaiting sentencing—Vivas filed a motion in arrest of judgment that sought to withdraw his guilty plea. The district court denied the motion and sentenced Vivas to an indeterminate term of ten years in prison. Vivas appeals, challenging the denial of the motion in arrest of judgment and the prison sentence imposed by the court.[1]

About two months after his ex-girlfriend obtained a protective order against him, Vivas tried to break into her apartment. Two days later, he succeeded in entering the protected party's apartment while she was home with her children. The next day, Vivas went to the protected party's workplace and tried to talk to her. He was arrested and charged by trial information with second-degree burglary and stalking in violation of a protective order.

In a written plea agreement, Vivas agreed to plead guilty to stalking in violation of a protective order in exchange for the State's dismissal of the burglary charge. The parties also agreed to jointly recommend a suspended sentence with probation, subject to these "special conditions":

> Should Defendant have a criminal history more extensive than that revealed in the pleadings, Defendant violates the law or is arrested for further offenses, this agreement is voidable by the State. The State may withdraw any recommendation previously agreed to and the State may reinstate all charges covered by this agreement.

---

[1] Because Vivas is challenging his contested sentence, he has good cause to appeal under Iowa Code section 814.6(1)(a)(3) (2024). *See State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023) ("Once good cause is established under section 814.6(1)(a)(3) as to one issue, we have jurisdiction over the entire appeal . . . .").

In this event the Defendant would be allowed to withdraw the guilty plea.

The State may withdraw its recommendation and the defendant may not withdraw the guilty plea under the following circumstances:

1. Defendant violates terms of release.

2. Defendant fails to cooperate with Correctional Services in preparing the [presentence investigation report].

3. Defendant fails to appear where and as required.

4. Defendant is found to have violated a no contact order after the plea.

5. Defendant fails to abide by this agreement.

Under the circumstances in 1–5, the sentencing Court may sentence Defendant to a less favorable disposition than provided for in this memorandum of plea agreement.

The plea agreement was conditioned upon the court's approval of the sentencing agreement.

At the guilty plea hearing, after the district court engaged Vivas in an extended colloquy, defense counsel confirmed the special conditions of the plea agreement with Vivas:

I would also like to have Mr. Vivas acknowledge for the record that under the terms of the plea agreement that if he violates any of the terms of the release or violates a no contact order that's still in effect, [the prosecutor] has indicated to me that she will move to withdraw the plea and the terms of the plea agreement allow her to do that. You're not able to withdraw your plea but the State can do that. You understand that, correct, Steven?

Vivas said yes. The court then reiterated that if Vivas violated the protective order, "you will have blown up this plea agreement and a judge can sentence you to prison, do you understand that?" Vivas again said yes. The court accepted Vivas's guilty plea but deferred its acceptance or rejection of the sentencing agreement pending receipt of a presentence investigation. Sentencing was set for December.

Despite these warnings, Vivas violated several of the plea agreement's special conditions before sentencing. He did not cooperate in preparing the

presentence investigation report, failed to appear for the sentencing hearing, and was arrested for multiple violations of the protective order. In March 2024, Vivas stipulated to violating the protective order four times and was sentenced for those violations. His stalking charge was then reset for sentencing. Meanwhile, Vivas's communication with defense counsel broke down. In April, the court granted counsel's motion to withdraw and appointed a new attorney for Vivas. Ten days before the sentencing hearing in May—and 214 days after his guilty plea—Vivas's newly appointed attorney filed a motion in arrest of judgment "seeking to withdraw his plea of guilty . . . based upon claims directed toward his prior counsel's ineffectiveness."

At the sentencing hearing, the district court denied the motion in arrest of judgment as untimely. The State then asked the court to sentence Vivas to prison. Vivas objected, arguing the State's prison recommendation violated the terms of the plea agreement and repeating his request to withdraw the guilty plea. The court overruled the objection, noting the plea agreement "specifically lays out conditions in which the State may withdraw [its] recommendation [for probation] and at the same time the Defendant may not withdraw the guilty plea." After hearing defense counsel's recommendation for probation, Vivas's allocution, and the victim's statement, the court sentenced Vivas to an indeterminate term of incarceration not to exceed ten years.

On appeal,[2] Vivas claims the district court erred in denying his untimely motion in arrest of judgment. Iowa Rule of Criminal Procedure 2.24(3)(b) requires

---

[2] Insofar as Vivas needed to apply for discretionary review for us to consider the court's denial of his untimely motion in arrest of judgment, we deny that application

a motion in arrest of judgment to "be made not later than 45 days after a guilty plea . . . but in any case not later than 5 days before the date set for pronouncing judgment." The motion here was clearly untimely, and the court correctly refused to consider it. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) (finding that "if the date of sentencing is set for more than fifty days after the plea, the maximum time a defendant has to file the motion in arrest of judgment is forty-five days from the plea"). Vivas cites no authority for his claim that "under the totality of the circumstances he demonstrated good cause to file a late motion because his original court appointed attorney was removed as counsel." We therefore consider that argument waived. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). And although Vivas suggests that his original attorney was ineffective in not timely filing the motion, we cannot reach questions of ineffective assistance on direct appeal. *See* Iowa Code § 814.7.

To the extent that Vivas's motion could be construed as one to withdraw his guilty plea, *see* Iowa R. Crim. P. 2.8(5),[3] we find no abuse of the district court's discretion in denying that request. *See State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987) (reviewing the denial of a motion to withdraw a guilty plea for abuse

___

for the reasons we discuss above. *See* Iowa Code § 814.6(2)(f) (stating discretionary review may be available for an "order denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim"); *State v. Mitchell*, No. 23-0987, 2024 WL 3050726, at *2 (Iowa Ct. App. June 19, 2024) (agreeing with the parties that "discretionary review is required for us to consider the merits of the court's denial of [the defendant's] motion in arrest of judgment" where the defendant also challenged his sentence and had good cause to appeal).
[3] This rule provides that "[a]t any time before judgment and upon a showing of good cause and that it is in the interests of justice, the court may permit a guilty plea to be withdrawn and a not guilty plea substituted." Iowa R. Crim. P. 2.8(5).

of discretion). Vivas argues that under Iowa Rule of Criminal Procedure 2.10(3), the court was required to give him an opportunity to withdraw his plea because it did not accept the sentencing agreement. But rule 2.10(3) was not at issue because Vivas violated at least three of the plea agreement's special conditions. Vivas was accordingly prohibited by the agreement from withdrawing his guilty plea, while the State was allowed to withdraw its sentencing recommendation. *See State v. Jordan*, 959 N.W.2d 395, 400 (Iowa 2021) ("The State has no obligation to make available the anticipated benefits of a plea agreement when the defendant fails to perform his or her end of the bargain." (cleaned up)). And the agreement expressly authorized the court to sentence Vivas "to a less favorable disposition than provided for in this memorandum of plea agreement" if he did not comply with the special conditions. As a result, there was no agreed-upon sentence, and "the court was not obligated to 'afford the defendant an opportunity to withdraw the plea.'" *State v. Hightower*, 8 N.W.3d 527, 542–43 (Iowa 2024) (quoting Iowa R. Crim. P. 2.10(3)(b)(1)).

As for Vivas's challenge to his prison sentence, because the sentence fell within the statutory range, it is "cloaked with a strong presumption in its favor." *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (citation omitted). "Our task on appeal is not to second-guess the sentencing court's decision." *Id.* (citation omitted). Yet that is exactly what Vivas asks us to do. He does not argue the district court considered any improper sentencing factors. Instead, Vivas highlights some mitigating factors and contends that "[w]hen weighing the needs of the community from protection from further offenses and the defendant's need for

rehabilitation, probation was the only sentence meeting those needs."  The court concluded otherwise, telling Vivas the reason for its sentence

> is the lack of community resources that we still have to be able to help you in the rehabilitative process and the lack of success that you've had when released in the community during the pendency of this case.
> . . . .
> . . . In addition to that, the circumstances and seriousness of the crime and the effect that it has had upon the community all warrant a prison sentence in this matter.

While Vivas takes issue with how the court weighed these proper sentencing factors, the "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983).  Thus, the "'test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently,' but whether the sentence was based on unreasonable or untenable grounds."  *State v. Rasmussen*, 7 N.W.3d 357, 364–65 (Iowa 2024) (citation omitted).  Nothing in the record suggests that Vivas's sentence was based on unreasonable or untenable grounds.  We accordingly affirm his sentence.

**AFFIRMED.**