STATE of Iowa, Plaintiff-Appellee,

v.

John William HANSEN,
Defendant-Appellant.

No. 69618.

Court of Appeals of Iowa.

Dec. 27, 1983.

Charles Harrington, Appellate Defender, and LuAnn White, Asst. Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Defendant, John William Hansen, appeals from the judgment and sentence entered upon his guilty plea to the crime of first degree theft in violation of Iowa Code section 714.2(1) (1981). Defendant asserts on appeal that the trial court failed to establish a sufficient factual basis to support his *Alford* plea, that the sentencing court abused its discretion in imposing sentence, and that he received ineffective assistance of counsel at the sentencing hearing. We affirm.

The defendant was charged by a trial information with theft in the first degree by unlawfully exercising control over stolen farm chemicals having a value in excess of five thousand dollars. The defendant entered a plea of guilty to the charge of theft in the first degree. This plea was characterized by the defendant as an *Alford* plea. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The defendant did not admit his guilt but, based upon the State's case, chose to waive trial and accept sentence.[1]

At sentencing, the State presented testimony concerning the effect on the victim of the farm chemical thefts and the general attitude of area farmers regarding those thefts. On grounds that the presentence report covered such matters, the sentencing court denied the State's request to call additional witnesses and the defendant's request to call additional character witnesses. The defendant was sentenced to a term of imprisonment not to exceed ten years.

---

1. An *Alford* plea is distinguishable from a plea of nolo contendere in that the former contains a protestation of innocence and the latter is merely a refusal to admit commission of a criminal act. There is, however, no material difference between the pleas when a defendant intelligently concludes his interests require entry of a guilty plea and the record contains strong evidence of actual guilt. *North Carolina v. Alford,* 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. While noting the distinction, we treat the defendant's guilty plea on this appeal as did the parties and the trial court.

Generally, our review of criminal proceedings is on assigned error. *State v. Cullison*, 227 N.W.2d 121, 126–27 (Iowa 1975). When a criminal defendant raises issues involving the violation of basic constitutional safeguards, we make an independent evaluation of the totality of the circumstances. *Id.*

I. *Factual Basis for Alford Plea.* The defendant initially asserts that the trial court erred in accepting the defendant's guilty plea without establishing a factual basis for the plea. Specifically, defendant alleges the degree of theft, based on the value of the property, was not established. Defendant also alleges the trial court failed to establish that the defendant knew or had reasonable cause to believe the property involved was stolen.

The defendant did not raise these challenges to his guilty plea in a motion in arrest of judgment. Normally the failure to do so precludes our consideration of those issues on appeal. Iowa R.Crim.P. 8(2)(d). As the State concedes, however, the trial court's failure to inform defendant of the necessity for such motion or the consequences of failing to file one permits the defendant to attack the plea proceeding on appeal. *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980). We therefore consider the issues raised by defendant.

A valid guilty plea must be voluntarily entered. *State v. Fluhr*, 287 N.W.2d 857, 863 (Iowa 1980). The trial court must determine on the record that a factual basis exists before the plea is accepted. *Id.* at 868. The trial court may ascertain that a factual basis for a guilty plea exists by (1) inquiry of the defendant; (2) inquiry of the prosecutor; (3) examination of the presentence report; or (4) reference to the minutes of testimony. *State v. Johnson*, 234 N.W.2d 878, 879 (Iowa 1975). In an *Alford* plea, because the accused is denying his guilt, a factual basis must be established independent of his statements. *Farley v. Glanton*, 280 N.W.2d 411, 416 (Iowa 1979). This factual basis is a substitute for the admission of guilt. *Id.* Whatever the source, the record must disclose the factual basis relied on. *State v. Johnson*, 234 N.W.2d at 879.

When defendant entered his plea, the following colloquy took place:

THE COURT: In connection with this matter Mr. Hansen, it's my understanding according to the Minutes of Testimony that certain chemicals which had been previously stolen were found upon your premises or upon the premises where you live and the Minutes allege that you should have known that those particular—that those chemicals were stolen. It's my understanding that you do not want to admit that factual basis but that according to your attorney if this matter were to go to trial you feel that based on the evidence that would be submitted at the trial there would be a—it would be almost a foregone conclusion that you'd be found guilty of the offense. Is that a fair statement of your position?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. [defense counsel], is that your position, also?

[DEFENSE COUNSEL]: Yes, your Honor.

THE COURT: Have you had a chance to go over the Minutes of Testimony with him?

[DEFENSE COUNSEL]: Yes, sir, I have.

THE COURT: And based upon your understanding and knowledge of the particular crime and the evidence that you feel [the prosecutor] could present do you feel that Mr. Hansen would probably be convicted of this offense?

[DEFENSE COUNSEL]: Yes, your Honor.

THE COURT: And I assume you've advised him of that?

[DEFENSE COUNSEL]: Yes.

THE COURT: Based on that, with [defense counsel]'s advice, Mr. Hansen, have you elected to enter a plea of guilty to this offense?

THE DEFENDANT: Yes, sir.

THE COURT: And it's basically upon your understanding of the evidence and what [defense counsel] has indicated to you?

THE DEFENDANT: Yes, sir.

THE COURT: All right. With respect to this charge then, I am going to find that you're acting voluntarily, you understand your rights, the consequences of the plea and that there is a basis for entering a plea. I am going to enter the—I guess I didn't ask you what your plea was; did I?

With respect to this charge then, Mr. Hansen, what is your plea to the charge of the Theft in the First Degree?

THE DEFENDANT: Guilty.

THE COURT: Do you assume or do you believe that the value of the chemicals that you had on the premises were in excess of $5,000?

THE DEFENDANT: Yes, sir.

THE COURT: I am going to accept the guilty plea as I've indicated, find that you're acting voluntarily, you understand your rights, the consequences of it, and there is a basis for the plea.

I am going to ask that a presentence report be prepared and it will be set for sentencing at a later date.

It is clear from the record that the trial court relied on the minutes of testimony to establish a factual basis for defendant's guilty plea. The lengthy minutes of testimony alleged the presence on his farm of large quantities of assorted farm chemicals, many of which were identified as having been stolen from the Dunkerton Cooperative. The minutes specifically alleged that the value of all the chemicals found on defendant's farm in general, and the value of those chemicals identified as being stolen from the Dunkerton Cooperative in particular, greatly exceeded $5,000.

We hold that there was a sufficient factual basis shown that defendant knew or had reasonable cause to believe the property involved was stolen. Moreover, we believe that the record adequately demonstrates that the value of the property stolen exceeded $5,000. Defendant's

contention that the rule that a factual basis must be shown independent of his statements, prohibits the trial court from establishing an adequate basis for the plea from statements made by the defendant at the guilty plea proceeding is without merit. That rule prevents the trial court from using prior statements made by the defendant; such as defendant's alleged statements contained in the minutes of testimony in this case. It does not, however, prevent the trial court from considering admissions made by defendant during the guilty plea proceeding. *See State v. Quinn*, 197 N.W.2d 624, 625 (Iowa 1972). Thus, the trial court could properly consider the defendant's statement that the property found in his possession had a value in excess of $5,000. Even without that statement, however, the minutes of testimony provide a sufficient factual basis to establish the value of the farm chemicals in excess of $5,000. The trial court properly accepted the guilty plea.

II. *Sentence.* A. The defendant next asserts that the sentencing court abused its discretion in sentencing the defendant. Specifically, the defendant alleges the court improperly considered unprosecuted charges in sentencing the defendant, the court conducted a procedurally unfair hearing and the court improperly considered defendant's plea of guilty and community opinion in sentencing the defendant. We disagree.

We interfere in discretionary sentencing only if there has been an abuse of discretion. *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). An abuse will not be found unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983). The trial court, within the limits of applicable statutes, had the discretion to select a sentencing combination that would "provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further of-

fenses by the defendant and others." Iowa Code § 901.5 (1981). When sentencing discretion has been accorded and exercised it is subject to limited appellate review. *State v. Pappas*, 337 N.W.2d at 494.

B. Hansen first asserts that the sentencing court improperly considered unprosecuted charges in sentencing the defendant. The court, in questioning defendant on the contents of the presentence investigation report, asked the following:

> THE COURT: All right. Now, as you look at your prior criminal record which is at the bottom half of that first page, you will notice that there are seven arrests and one conviction; is that correct?
> MR. HANSEN: Yes, sir.
> THE COURT: And you served one jail sentence, correct?
> MR. HANSEN: Yes, sir.

The sentencing court, after further questioning and testimony by a witness for the State, gave the following as reasons for the sentence it imposed:

> The Court has considered the seriousness of this offense and the period and time for which you have been involved, and has taken note of your prior record, and did all of this in the matter of considering the possibility of deferred judgment and your eligibility for that deferred judgment. Apparently, you would be eligible.
> And the Court considering as it just indicated, the seriousness of the offense and the time you have been involved, and also the recommendation of the investigating officers who furnished the Court with this Presentence Investigation, now finds that the maximum punishment that you could be sentenced to at this time is a confinement for not more than ten years and to be sentenced to a fine of not more than $5,000.

The defendant contends that the court's reference to the defendant's prior record indicates that it impermissibly considered the defendant's unprosecuted offenses.

▮▮▮ It is impermissible for a court in imposing sentence to rely upon prior unprosecuted offenses, unless they are ad-

mitted to by the defendant, or the facts before the court show the accused committed the crime. *State v. Messer*, 306 N.W.2d 731, 732–33 (Iowa 1981). While Judge Peterson was aware of the prior unprosecuted offenses, there is absolutely no indication on the record that he impermissibly considered those offenses at sentencing. The record indicates that Judge Peterson sought further information from the defendant as to the prior offenses listed in the presentence investigation report and determined that the defendant had, in fact, been convicted and sentenced on one of those offenses.

▮▮▮ The decisions of the trial court are cloaked with a strong presumption in their favor, and until the contrary appears, the presumption is that the discretion of the trial court was rightfully exercised. *State v. Pappas*, 337 N.W.2d at 494. To overcome this presumption of regularity requires an affirmative showing of abuse, and the burden of so showing rests upon the party complaining. *Id.* Hansen has failed to meet his burden to show the sentencing improperly considered prior unprosecuted offenses.

C. The defendant next asserts that the court improperly considered defendant's plea of guilty and community opinion in sentencing the defendant. We do not believe the defendant has sustained his burden to show the sentencing court improperly considered those factors in imposing sentence. The record does indicate that in the written sentencing order filed by the sentencing court, one of the factors relied upon by the court was the defendant's guilty plea.

▮▮▮ There is nothing in the record to indicate, however, whether or not the sentencing court was aware that the defendant's guilty plea was an *Alford* plea. During the colloquy at sentencing between the court and the defendant, the defendant admitted that he was guilty in response to the court's inquiry about changing his plea from guilty to not guilty. We believe that, in light of this, consideration of the guilty

plea was not error. Moreover, there is nothing in the record to show that community opinion was a factor in imposing sentence. Although references to community attitude were contained in the presentence investigation report, we will not, absent a showing on the record, presume that the sentencing court improperly considered portions of the presentence investigation report not relevant to sentencing. *See State v. Pappas*, 337 N.W.2d at 494. The record shows that the court considered the seriousness of the offense as the primary factor in imposing sentence. *State v. Dvorsky*, 322 N.W.2d at 67.

D. Finally, the defendant asserts that the sentencing court abused its discretion in imposing sentence because of procedural unfairness at the sentencing hearing. Over defendant's objection, the State was allowed to present as a witness the manager of the Dunkerton Farm Cooperative. He testified generally about thefts of farm chemicals from his business and other area businesses, the effects of those thefts on his business, and the general attitude of area farmers regarding those thefts. The court denied the State's request to present additional witnesses, noting that there was information in the presentence report, which defendant did not challenge, regarding community opinion. The court, on grounds that the presentence report covered such matters, also denied defendant's request to call additional character witnesses. Defendant alleges that the testimony of the State's witness and the denial of an opportunity for him to present witnesses resulted in a procedurally unfair hearing. Defendant also objects to certain hearsay testimony which was allowed over his objections at sentencing.

Sentencing procedures are governed by different evidentiary rules than the trial itself. *State v. Cole*, 168 N.W.2d 37, 40 (Iowa 1969). The court's allowance of the hearsay testimony was within its discretion. The sentencing court also has considerable discretion to receive and consider additional information under Iowa Code section 901.5. *"After receiving and examining all pertinent information*, including the presentencing investigation report, if any, the court shall consider the following sentencing options. The court shall...."* Iowa Code § 901.5 (1981) (emphasis added). The sentencing judge stated after hearing the State's witness that he would "just consider all of this information that we now heard would be denied by some other witness." The court further stated it "would consider whatever other statements you [defense attorney] might want to make or your client might want to make prior to sentencing, in view of the fact that there was some testimony offered and heard, and apparently some additional testimony which I [the Court] do not think we need to hear unless you [defense attorney] would like the State to bring on its witnesses for purpose of cross-examination." We believe the record more than demonstrates that defendant was given the opportunity to rebut the State's witness. Moreover, defendant has not shown that the sentencing court, in any way, relied upon the testimony of the State's witness in imposing sentence. There is no showing the district court abused its discretion in imposing sentence.

III. *Ineffective Assistance of Counsel.* The defendant alleges on appeal that he was denied effective assistance of counsel at his sentencing hearing. Specifically defendant alleges that counsel's failure to inform the sentencing judge that the plea was an *Alford* plea rather than a guilty plea, counsel's failure to object to the impermissible sentencing factors discussed in the presentence investigation report, and counsel's failure to make a statement on behalf of defendant constituted ineffective assistance of counsel. Defendant also alleges that when viewed as a whole, counsel's performance at the sentencing proceeding was ineffective and defendant was prejudiced thereby.

The general principles we apply in considering claims of ineffective counsel are well established and will not be repeated here. *See Meier v. State*, 337 N.W.2d 204, 206 (Iowa 1983); *Hinkle v.*

*State,* 290 N.W.2d 28, 30–31 (Iowa 1980); *Kellogg v. State,* 288 N.W.2d 561, 563 (Iowa 1980). We will decline in direct appeals to decide ineffective assistance of trial counsel claims where the record is inadequate to address the contentions asserted. *State v. Whitsel,* 339 N.W.2d 149, 157 (Iowa 1983). We believe the record is adequate, however, to dispose of defendant's specific instances of alleged ineffective assistance.

The record discloses that defendant unconditionally admitted his guilt during the sentencing proceeding. Therefore, defendant could have suffered no prejudice as a result of counsel's alleged failure to inform the court that counsel had entered an *Alford* plea at the guilty plea proceeding. Further, defendant could have suffered no prejudice as a result of counsel's alleged failure to object to any impermissible sentencing factors in the presentence investigation report because of our decision above that the sentencing court did not abuse its discretion in imposing sentence. As noted above, it has not been shown that the sentencing court relied upon those factors in the presentence investigation report which the defendant alleges were impermissible sentencing factors. Finally, we have reviewed the sentencing proceeding and do not find counsel's alleged failure to make a statement on behalf of defendant to constitute ineffective assistance of counsel. The record reveals that the sentencing court was fully aware of the defendant's position as to his version of the crime and that defendant wished the court to consider the possibility of a deferred judgment. The sentencing court, in its order, specifically considered and rejected the possibility of deferred judgment. Counsel did not render ineffective assistance of counsel by not making a final statement in addition to other statements previously made by counsel to the sentencing court.

Defendant also alleges that when viewed as a whole, counsel's performance at the sentencing proceeding was ineffective. We have resolved defendant's specific allegations of ineffective assistance on this direct appeal. General claims of ineffective assistance are insufficient to allow us to resolve those claims on direct appeal. *State v. White,* 337 N.W.2d 517, 519 (Iowa 1983). The showing made here by defendant is also inadequate to support a holding that the issue of ineffective assistance should be reserved for determination in postconviction proceedings. *Id.* at 520. With the exception of the specific instances of alleged ineffective assistance we have resolved above, we hold no claim of ineffective assistance of counsel has been presented to this court. The postconviction court, if requested, will decide if defendant has carried his burden to show sufficient reason for not pursuing the issue on this appeal. *Id.* at 520.

We have found that the trial court was correct in finding sufficient factual basis for the *Alford* plea, that the sentencing court did not abuse its discretion in imposing sentence, and that defendant was not denied, as specifically alleged, effective assistance of counsel at sentencing. Accordingly, the defendant's conviction and sentence for first degree theft must be affirmed.

AFFIRMED.