**IN THE COURT OF APPEALS OF IOWA**

No. 13-1476
Filed May 14, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KIMBERLY ANN LANE,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Nancy S. Tabor (plea) and Gary D. McKenrick (sentencing), Judges.

Kimberly Lane appeals from the sentencing proceedings following her guilty pleas to manufacturing methamphetamine and child endangerment. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Michael L. Wolf, County Attorney, and Amanda W. Myers, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ. Tabor, J., takes no part.

**POTTERFIELD, J.**

Kimberly Lane appeals from the sentencing proceedings following her guilty pleas to manufacturing methamphetamine and child endangerment. She argues the district court erred in considering the sentences of codefendants and the effect of methamphetamine manufacture on the community. We affirm finding consideration of these factors is permissible.

**I. Facts and proceedings.**

In 2013, Lane, her son, her father, and two other individuals lived in a home where methamphetamine was manufactured. On May 28, 2013, the State charged Lane, her father, and the two other individuals with manufacture or conspiracy to manufacture a controlled substance (methamphetamine), possession of precursors with intent to manufacture, and child endangerment for exposing Lane's young son to methamphetamine. On August 1, 2013, Lane's father was sentenced to a term of no more than five years in prison each for possession of precursors with intent to manufacture methamphetamine and for child endangerment.

Pursuant to a plea agreement, Lane pleaded guilty to conspiracy to manufacture methamphetamine and child endangerment. On August 15, 2013, Lane was sentenced by the court to serve two concurrent indeterminate sentences: not to exceed ten years on the manufacturing count, and not to exceed five years on the child endangerment count.

During the sentencing, the court noted, among other things, that it would consider "sentences that have been imposed in connection with codefendants in the same case, because it's important to the community that similarly-situated

defendants be treated in a similar fashion." The court reasoned that this

consideration would assure the community the judicial system would treat

"similarly-situated people in the same fashion" which would enhance respect for

the system.[1] The court also noted the danger of the manufacture of

methamphetamine in the local community: "within this judicial district alone,

[there is] probably a fire a week or a significant pollution incident weekly related

to the manufacture of methamphetamine." Lane appeals, arguing the trial court

abused its discretion in considering impermissible factors during her sentencing.

We affirm.

## II. Analysis.

> We begin our analysis of the challenge to the sentence in this case by observing that the decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters. *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. *See* Iowa Code § 901.5 [(2013)]. It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.

*State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002). We evaluate each of

the factors challenged by Lane under this framework in turn.

---

[1] The record shows that Lane's father received his sentence by the time Lane was sentenced, but that at least one other codefendant was awaiting sentencing.

*A. Reference to the sentences of co-defendants*

Iowa courts have not yet expressly ruled on the consideration of the sentences of codefendants as a sentencing factor. *See, e.g., State v. Null*, 836 N.W.2d 41, 47 (noting information about codefendants' sentences gave court a "frame of reference" for defendant's role in offense). However, federal law expressly requires the consideration of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when sentencing a defendant. 18 U.S.C. § 3553 (a)(6) (2013). While the federal determinate sentencing scheme, including the use of the now-advisory United States Sentencing Guidelines, is separate and distinct from Iowa's indeterminate sentencing system, we find the federal factors illustrative of the types of factors properly considered by a sentencing court. *See, e.g., State v. Washington*, 832 N.W.2d 650, 658 (Iowa 2013) (referring to the federal guidelines in evaluating the court's consideration of a defendant's refusal to participate in a presentence investigation evaluation as a sentencing factor).

Here, the district court was provided with information regarding the sentence imposed on Lane's father.[2] Lane's father was similarly charged with child endangerment, though ultimately convicted of possessing precursors instead of conspiracy to manufacture the methamphetamine. While we are mindful that "the punishment must fit the particular person and circumstances under consideration; each decision must be made on an individual basis, and no single factor, including the nature of the offense, will be solely determinative," the

---

[2] We note the consideration of the sentence of a codefendant is distinct from consideration of additional *charges* brought against codefendants. *Formaro*, 638 N.W.2d at 725.

district court did not err in considering the sentence of Lane's codefendant as one of many sentencing factors. *See State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979).

   *B. Consideration of the effect of methamphetamine on the community.*

   Iowa Code section 901.5 expressly instructs the court to keep in mind two goals when sentencing: "rehabilitation of the defendant" and "protection of the community from further offenses by the defendant and others."  Our supreme court has interpreted this wording to include, among many other things, the "seriousness of the offense."  *See e.g.*, *State v. Hansen*, 344 N.W.2d 725, 731 (Iowa Ct. App. 1983).  The court's consideration of the effects on the community from the manufacture of methamphetamine expressly spoke to the seriousness of the crime and need to protect the community from Lane and others like her. We therefore affirm.

   **AFFIRMED.**