# IN THE COURT OF APPEALS OF IOWA

No. 16-0583
Filed January 25, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DESEAN MARQUIS SIMS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

DeSean Sims challenges the factual basis of his guilty plea. **SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson and Tyler J. Buller, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

DeSean Sims entered an *Alford*[1] plea to second-degree theft. On appeal, he contends "the factual basis for [his] . . . plea was inadequate." He concedes he did not file a motion in arrest of judgment to preserve error. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016) (stating failure to file a motion in arrest of judgment generally precludes the defendant from challenging the plea); *State v. Rodriguez*, 804 N.W.2d 844, 848-49 (Iowa 2011) (same). However, he argues the district court provided defective advice on his obligations, obviating the need to take this step. *See State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) (stating "this requirement does not apply where a defendant was never advised during the plea proceedings . . . that challenges to the plea must be made in a motion in arrest of judgment and that the failure to challenge the plea . . . precludes a right to assert the challenge on appeal"). Alternatively, he raises his factual-basis challenge under an ineffective-assistance-of-counsel rubric.

We need not decide whether the district court provided comprehensive advice on the consequences of failing to file a motion in arrest of judgment because the State concedes that the claimed ineffectiveness of counsel in "allowing [Sims] to enter a guilty plea and waive[] . . . the right to file a motion in arrest of judgment . . . requires no error preservation." *See State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010) (rejecting State's error preservation argument on the ground that "[i]neffective counsel claims are an exception to our error preservation requirements"). We find the record adequate to address this issue. *See Rodriguez*, 804 N.W.2d at 848.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37-39 (1970).

A defendant seeking to prove ineffective assistance must show the breach of an essential duty and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If there is no factual basis to support a plea, defense counsel violates an essential duty by permitting a defendant to plead guilty and by waiving the right to file a motion in arrest of judgment. *Ortiz*, 789 N.W.2d at 764. Prejudice is presumed. *Id.* at 764-65. The question before us then is "whether the record demonstrates a factual basis" for Sims' plea to second-degree theft. *Id.* at 765.

The crime requires a showing that the value of the stolen property exceeds $1000 but not $10,000. Iowa Code § 714.2(2) (2015). Sims argues there was no showing that the value of the stolen items exceeded $1000. "The value of property is its highest value by any reasonable standard at the time that it is stolen." *Id.* § 714.3. "Reasonable standard includes but is not limited to market value within the community, actual value, or replacement value." *Id.*

The record discloses the following pertinent facts. According to the minutes of testimony, Sims stole a purse and backpack. An incident report did not assign any value to the purse but listed the value of the cash inside as $50. As for the backpack, the minutes stated "the only thing of value [inside] was [an] iPad." The iPad was valued at $300. The minutes also made reference to clothes and toiletries in the backpack but no value was assigned to those items.

Although the minutes did not identify anything of value within the backpack other than the iPad, a search warrant application listed a wallet containing $350, a debit card, a school identification card, an Iowa drivers' license, "Quay sunglasses," keys, a "Canon 70D digital camera with the red patterned camera strap," a "cell phone charger, a "Go Pro camera (model Hero 3+ black) with

charger," and "a camera battery and charger." With the exception of the cash inside the wallet, the State did not assign values to these additional items.

The assigned values of the purse and backpack contents totaled $700, $300 shy of the $1000 requirement set forth in section 714.2(2). Sims asserts "[d]etermining whether the total value of the items was in excess of $1000 amounts to speculation." The State counters that "the volume and detail of the stolen items, which include pieces of hand-held electronics, support the charged offense."

On our de novo review, we agree with Sims that the record lacks documentation that would allow us to reach the requisite $1000 floor. *Cf. State v. Dixon*, No. 14-1211, 2015 WL 3624383, at *3 (Iowa Ct. App. June 10, 2015) (finding a factual basis for second-degree theft where victim's "testimony establishe[d] the value of the recovered jewelry at more than $1000"); *State v. Burton*, No. 13-0398, 2013 WL 5508755, at *3 (Iowa Ct. App. Oct. 2, 2013) (finding a factual basis where although defendant "personally took less than $1000 worth of perfume, the record establishe[d] a factual basis for finding she aided and abetted her companion's theft" and "did not disagree with the court when specifically asked if the total value of the stolen merchandise was more than $1000"); *State v. Beenken*, No. 12-0372, 2013 WL 531070, at *2 (Iowa Ct. App. Feb. 13, 2013) (finding factual basis for second-degree theft where "[t]he minutes of testimony indicated that [victim] would testify that [defendant] charged him over $15,000" for work never performed); *State v. Hansen*, 344 N.W.2d 725, 729 (Iowa Ct. App. 1983) (finding factual basis where the defendant stated that "the property found in his possession had a value in excess of $5000"). We

would have to engage in speculation to come up with an additional $300 of value to support the factual basis for second-degree theft.

That said, "it is possible that a factual basis could be shown." *State v. Schminkey*, 597 N.W.2d 785, 792 (Iowa 1999). Accordingly, we "vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis." *Id.*

**SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**