**IN THE COURT OF APPEALS OF IOWA**

No. 18-1426
Filed July 3, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**K'VON HENDERSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

A defendant convicted of second-degree robbery asks for the benefit of an ameliorative sentencing provision. **REVERSED AND REMANDED FOR RESENTENCING.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

K'von Henderson asks to be resentenced. At issue is the date of his conviction for robbery in the second degree. Here is the chronology:

- In February 2016, a jury found Henderson guilty of robbery in the first degree and, in March 2016, the district court sentenced him to a prison term not to exceed twenty-five years.

- Effective July 1, 2016, the legislature amended the sentencing statutes for robbery in the second degree. 2016 Iowa Acts ch. 1104, § 8 (codified as amended at Iowa Code § 902.12(3) (Supp. 2016)).

- In March 2018, the Iowa Supreme Court set aside Henderson's first-degree robbery conviction after finding insufficient evidence of the dangerous-weapon element, and remanded for "entry of conviction and sentence on second-degree robbery." *State v. Henderson*, 908 N.W.2d 868, 878–79 (Iowa 2018).

- In August 2018, the district court resentenced Henderson to a prison term not to exceed ten years with a mandatory minimum of seven years. The court refused to apply revised section 902.12, which permits a shorter mandatory minimum for second-degree robbery convictions occurring on or after July 1, 2016.

We reverse the resentencing order. Because Henderson's second-degree robbery conviction did not occur until 2018, he is entitled to have the sentencing court consider the ameliorative provision.

**I.    Prior Proceedings**

At the resentencing hearing, defense counsel urged the district court to consider Henderson "eligible for leniency as spelled out in section 902.12(3) that allows the court to impose a mandatory between one-half and seven-tenths of the maximum term." Counsel asserted Henderson was a good candidate for a shorter minimum because he had only one "write-up" while in prison and was gaining

maturity, earning his high school equivalency degree, and pursuing college classes.

Henderson's request for leniency tracked a statutory amendment to the sentencing statutes for robbery in the second degree. Before July 1, 2016, district courts sentencing defendants for second-degree robbery had no choice but to impose an indeterminate ten-year term with a mandatory minimum of seven years. *See* Iowa Code § 902.12(5) (2015) (amended 2016). In May 2016, the legislature approved a bill giving discretion to sentencing courts in second-degree robbery cases by enacting the following:

> At the time of sentencing, the court shall determine when a person convicted of robbery in the second degree as described in section 902.12, subsection 3, shall first become eligible for parole or work release within the parameters specified in section 902.12, subsection 3, based upon all pertinent information including the person's criminal record, a validated risk assessment, and the negative impact the offense has had on the victim or other persons.

2016 Iowa Acts ch. 1104, § 6 (codified as amended at Iowa Code § 901.11(3) (Supp. 2016)). The enactment further provided:

> A person serving a sentence for a conviction for robbery in the second degree in violation of section 711.3 for a conviction that occurs on or after July 1, 2016, shall be denied parole or work release until the person has served between one-half and seven-tenths of the maximum term of the person's sentence as determined under section 901.11, subsection 3.

2016 Iowa Acts ch. 1104, § 8.

At the resentencing hearing, the State disagreed with the defense's interpretation of the new language. The prosecutor argued Henderson was not "eligible for consideration of the five-year minimum" because "this occurred before the change in the law." Alternatively, the prosecutor asserted even if Henderson

was eligible for a shorter mandatory minimum, his "criminal history and the facts of this case would not warrant that."

When the court asked Henderson if he had anything to say, he replied, "I do not understand what is going on right now." Henderson asked why he was being sentenced for the lesser-included offense when he "didn't get the opportunity to prepare a defense for second degree robbery."[1]

The sentencing court then rejected Henderson's request to apply the new law, reasoning:

> This occurred in 2015. The law was changed long after that. When precisely the conviction occurred as Mr. Henderson himself points out, reasonable minds may differ, but as I said the court on appeal made its determination. We're bound by that. And so the conviction occurred in February of 2016 when the jury returned its verdict and then it relates back by virtue of what the Iowa Supreme Court did.

Henderson appeals that decision by the sentencing court.

## II.    Scope of Review

Henderson's claim rises or falls on the meaning of the word "conviction" in section 902.12(3). Accordingly, we review his statutory interpretation challenge

---

[1] The supreme court explained its remedy as follows:
> Because there was insufficient evidence to convict Henderson of first-degree robbery as an aider and abettor due to a failure of proof on the dangerous weapon element, that conviction must be set aside. The question remains what to do next. The jury necessarily found sufficient evidence to establish the other elements of first-degree robbery, namely, intent to commit a theft and assault. The jury was instructed . . . that if they found only those two elements, and not the dangerous weapon element, they should find the defendant guilty of the lesser included offense of second-degree robbery. Accordingly, the appropriate remedy is to remand the case for the district court to enter judgment and sentence on the lesser included offense of robbery in the second degree. *See* [*State v.*] *Ortiz*, 905 N.W.2d [174, 183 (Iowa 2017)]; *State v. Morris*, 677 N.W.2d 787, 788–89 (Iowa 2004); *State v. Pace*, 602 N.W.2d 764, 773 (Iowa 1999).

*Henderson*, 908 N.W.2d at 878–79 (footnote omitted).

for correction of legal error. *See Noll v. Iowa Dist. Court*, 919 N.W.2d 232, 234 (Iowa 2018).

### III. Analysis

Henderson contends he should have derived the benefit of the 2016 legislation at his 2018 resentencing because he was "convicted," according to the technical definition of the term, after the July 1, 2016 application date set out in the amended statute. The State maintains the legislature intended "conviction" to convey its popular definition (establishment of guilt, independent of judgment and sentence).[2]

The meaning of "conviction" depends on the context. *Daughenbaugh v. State*, 805 N.W.2d 591, 597 (Iowa 2011). *Daughenbaugh* describes two possible usages: (1) in the "general or popular sense," a conviction means establishing guilt independent of judgment and sentence; and (2) in the "technical legal sense," a conviction requires a formal adjudication and entry of judgment by a court. *Id.* When choosing between these definitions, we examine the purpose of the statute. *Id.* at 598. If a statute appears designed as a punishment measure, the court has gravitated to the technical definition of conviction; but when the statute primarily

---

[2] The State begins its response by recognizing the default rule providing "an amendment to a sentencing statute that reduces the penalty for an offense committed prior to its effective date must be applied if the statute is effective at the time of sentencing." *State v. Trader*, 661 N.W.2d 154, 156 (Iowa 2003) (citing *State v. Chrisman*, 514 N.W.2d 57, 61 (Iowa 1994)); *accord* Iowa Code § 4.13(2) ("If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the statute as amended."). The State argues the default rule "does not apply to Henderson because the 2016 amendment specifies its own effective date." But Henderson does not rely upon application of the default rule; instead he argues his "conviction" followed the date specified by the legislature, entitling him to application of the amended sentencing scheme.

aims to protect the public, the court has adopted the popular definition for conviction. *Id.*; *Schilling v. Iowa Dep't of Trans.*, 646 N.W.2d 69, 71 (Iowa 2002) (embracing popular definition of conviction as trigger for license revocation because measure was aimed at public protection rather than punishment).

Henderson believes the legislature intended "conviction" to carry its technical definition (adjudication plus entry of judgment) because the goal of the statute was primarily punishment. Henderson also asserts "there had been no specific finding of guilt of second degree robbery until the Supreme Court decision." He highlights language in the supreme court decision remanding his case for "for entry of *conviction* and sentence on second-degree robbery." *Henderson*, 908 N.W.2d at 879 (emphasis added).

We agree with Henderson's interpretation of "conviction." The relaxation of the mandatory-minimum provision for second-degree robbery was not about protecting the public, but about giving more discretion to the court to fashion an appropriate prison sentence. "In the context of a statute that is designed to structure legal relationships in the court system, we believe the legislature most likely used the term in its 'strict legal sense' and not in its broader popular context." *Daughenbaugh*, 805 N.W.2d at 598–99 (concluding "conviction" in postconviction-relief chapter did not include a deferred judgment).

The State does not aver the statute has a protective purpose, instead it relies on alternative canons of statutory construction. First, the State contends Henderson's interpretation of "conviction" conflates the timing of a conviction and sentence, rendering the legislature's specified application date superfluous in light

of the section 4.13 directive to apply ameliorative sentencing amendments to defendants awaiting sentencing.  We disagree.

In deciphering legislative intent, we must scrutinize the full scope of the sentencing amendment.  Had the drafters not included the language "for a conviction that occurs on or after July 1, 2016," the new provision would have invited all persons currently "serving a sentence for a conviction for robbery in the second degree in violation of section 711.3" to seek a shorter minimum term.  Iowa Code § 902.12.  The absence of a launch date would have enabled a raft of retroactivity claims from inmates being denied parole or work release until they served seven-tenths of their maximum term under preexisting convictions.  In our view, the legislature's inclusion of a specific date foreclosed retroactivity challenges, but did not rebuke the principle that persons not yet sentenced should benefit from an ameliorative change in the statute.

The State next argues a broader view of the statutory language demonstrates the legislature intended to differentiate the timing of a conviction and imposition of sentence.  In support of that argument, the State points to another section of the same bill where the drafters referred to sentencing, allegedly as a stage of the proceedings that follows a conviction: "At the time of *sentencing*, the court shall determine when a person *convicted* of robbery in the second degree as described in section 902.12, subsection 3, shall first become eligible for parole or work release . . . ."  2016 Iowa Acts ch. 1104, § 6 (codified at Iowa Code § 901.11(3)) (emphasis added).

Contrary to the State's argument, the legislature's reference to "sentencing" in section 901.11(3) is less about the sequence of events and more about giving

the *court,* rather than the parole board, the power to apply section 902.12(3). *Cf. State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001) (concluding sections 124.413 and 901.10 were sentencing provisions despite their reference to eligibility for parole). And the word "convicted" in section 901.11(3) may be read consistently with "conviction" in section 902.12(3), as a finding or admission of guilt together with the entry of judgment—creating a status ripe for determining the point of eligibility for parole or work release.

Under the State's interpretation of section 902.12(3) in this appeal, the district court could not impose a mandatory minimum of less than seven years upon a person who entered a guilty plea or received a verdict of guilt for second-degree robbery before July 1, 2016, even if the sentencing occurred on or after that effective date. But the State has not consistently advanced that position. In *State v. Williams*, the defendant pleaded guilty to second-degree robbery in June 2016 and was sentenced in August 2016; the sentencing court "considered a number of factors in determining whether to impose a 50% or 70% mandatory minimum before deciding to impose the 50% minimum." No. 16-1560, 2017 WL 4315052, at *1 (Iowa Ct. App. Sept. 27, 2017). The State did not argue the district court imposed an illegally lenient sentence by applying section 902.12(3) to Williams's "conviction" by guilty plea that occurred before July 1, 2016.

The State's interpretation of "conviction" in section 902.12(3) was correct in *Williams* and is mistaken here. Contrary to the district court's reasoning, Henderson's second-degree robbery conviction did not "relate back" to the jury's

guilty verdict on first-degree robbery in February 2016.[3] Henderson was not convicted of second-degree robbery until the supreme court set aside his conviction for first-degree robbery and remanded the case to the district court for resentencing and entry of judgment on second-degree robbery—all of which occurred after July 1, 2016.[4]

We reverse and remand for resentencing, where the district court will consider the appropriate length of Henderson's mandatory minimum sentence under Iowa Code section 902.12(3) (2018).

**REVERSED AND REMANDED FOR RESENTENCING.**

---

[3] Moreover, even if we employed the popular definition of conviction, Henderson could not be "convicted" of both first- and second-degree robbery at the trial. *See* Iowa Code § 701.9 ("No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.").

[4] This determination can be distinguished from *State v. Harrington*, where we found the new sentencing provision did not apply because the defendant's underlying second-degree robbery conviction had not been disturbed. No. 17-1883, 2018 WL 5291332, at *1 n.2 (Iowa Ct. App. Oct. 24, 2018) (clarifying supreme court only reversed judgment and sentence concerning Harrington's status as an habitual offender, not the underlying conviction for second-degree robbery).