# IN THE COURT OF APPEALS OF IOWA

No. 19-0482
Filed June 3, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ZACKERY RIGEL,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Chickasaw County, Richard D. Stochl, Judge.

Zackery Rigel appeals the sentencing requirement that he register as a sex offender. **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Schumacher, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

In 2013, Zackery Rigel was charged by trial information with third-degree sexual abuse in relation to conduct alleged to have occurred in 2012. Rigel ultimately pled guilty in 2015 to an amended charge of assault causing serious injury, in violation of Iowa Code section 708.2(4) (2012). At the subsequent sentencing hearing, the State argued Rigel should be required to register as a sex offender, claiming the offense was sexually motivated. The court agreed and imposed the requirement that Rigel register as a sex offender pursuant to Iowa Code section 692A.126.

Rigel appealed, challenging the determination the crime was sexually motivated. A panel of this court reasoned "Rigel's silence on the issue of sexual motivation [was] equivalent to a denial," "[t]he district court did not attempt to elicit information to support a finding of sexual motivation, and the State did not introduce new evidence to support such a finding." *State v. Rigel*, No. 16-0576, 2017 WL 936135, at *5 (Iowa Ct. App. Mar. 8, 2017), *further review denied* (Aug. 30, 2017). We concluded that "[t]o find that Rigel's crime was sexually motivated, the court necessarily had to rely on unproven information in the minutes of testimony," which was "insufficient to establish proof beyond a reasonable doubt" as required by section 692A.126. *Id.* We remanded with the direction that the registry requirement be vacated and further proceedings be conducted to allow the State the "opportunity to establish the crime was sexually motivated." *Id.*

At the evidentiary hearing following remand, the State presented testimony from the chief deputy of the local sheriff's office, who was the primary investigator in the case. The State requested the deputy to provide an overview of his

investigation. Defense counsel objected on the ground that the testimony would "be containing a lot of hearsay for what occurred during the investigation." The court overruled the objection, concluding "the testimony is not being offered to prove the matter asserted but simply to explain what he did." The deputy then explained there was an allegation of rape by the sixteen-year-old victim, with Rigel being the perpetrator. A sexual assault kit from the victim as well as a buccal swab from Rigel were submitted to the State crime lab. Rigel's DNA matched sperm fractions found in two locations of the victim's crotch area.[1] When confronted with the DNA results, Rigel admitted to having sexual intercourse with the victim on an ongoing basis and the offense from which he was charged involved sexual contact between him and the victim. Following the close of evidence, defense counsel objected for lack of "formal notice for the sexual motivation component." Following questioning from the court, defense counsel acknowledged the defense was aware the registry requirement was in play prior to the first sentencing hearing.

Ultimately, the court entered a written finding that the crime was sexually motivated beyond a reasonable doubt. Rigel appeals. His primary argument is that the court relied on hearsay evidence in determining the crime was sexually motivated. But, this was a sentencing proceeding and the rules of evidence, except for those on privilege, do not apply to sentencing proceedings. *See* Iowa R. Evid. 5.1101(c)(4); *see also State v. Hansen*, 344 N.W.2d 725, 731 (Iowa Ct. App. 1983). And, while some of the testimony was hearsay within the meaning of

---

[1] The lab report was admitted at the evidentiary hearing. The report noted the presence of Rigel's DNA profile and "[t]he probability of finding this profile in a population of unrelated individuals, chosen at random, would be less than 1 out of 100 billion."

Iowa Rule of Evidence 5.801(c), some of it was not. Specifically, Rigel's admission to having sexual intercourse with the victim in relation to the crime was not hearsay. *See* Iowa R. Evid. 5.801(d)(2)(A). And, the defense lodged no objection to the admissibility of the DNA report. Viewing those pieces of evidence, coupled with the age of the victim, in the light most favorable to the State in this substantial-evidence review, *see State v. Chapman*, No. 18-1504, 2019 WL 6893781, at *2 (Iowa Ct. App. Dec. 18, 2019), we find the evidence sufficient to prove beyond a reasonable doubt the offense was sexually motivated within the meaning of section 692A.126(1)(h). As such, we need not consider Rigel's collateral claim that, without the challenged evidence, there is no new evidence and "[t]he case is at the same placed it was when [he] originally appealed the case the first time."

Finally, Rigel argues the State never provided notice he might be subject to a requirement to register as a sex offender. He claims the State was required to file a trial information alleging the sexually-motivated component of the offense. He cites *State v. Trader*, where the supreme court concluded a defendant could not be subject to a penalty-increasing sentencing enhancement if the enhancement was not charged by trial information. *See* 661 N.W.2d 154, 156 (Iowa 2003). However, as the State points out, requiring registration as a sex offender does not amount to a punitive measure. *State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997). As such, registration cannot be considered a penalty-increasing enhancement that *Trader* would require be specifically charged in a trial information. To the extent Rigel argues formal notice was required by due process and article I, section 10 of the Iowa Constitution, such a constitutional argument was neither raised in, nor decided by, the district court. *See Meier v. Senecaut*,

641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues.").

We affirm the re-imposition of the requirement that Rigel register as a sex offender.

**AFFIRMED.**