# IN THE COURT OF APPEALS OF IOWA

No. 19-1962
Filed October 21, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MELISSA KAY KITTELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

Melissa Kittell appeals following her conviction for third-degree theft. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Melissa Kittell challenges the sufficiency of the evidence for her conviction for third-degree theft, in violation of Iowa Code sections 714.1, 714.2(3) (2018).[1] In the alternative, Kittell asserts the court convicted her of the wrong degree of theft. Because substantial evidence supports her conviction and the district court did not err in entering conviction, we affirm.

Following a bench trial, the district court made these findings:

On December 1, 2018, Melissa Kittell was employed by Kwikshop as a cashier at one of their Davenport stores. The store is located in Scott County, Iowa. While working that day she activated then took possession of a $500.00 gift card and $100.00 gift card. She made numerous attempts to conceal these transactions by creating fake transactions to balance her drawer. At no time did she pay for either gift card. In addition[ ] Ms. Kittell used the higher gift card in two transactions and removed property from Kwikshop. Thus using the stolen gift card to pay for Kwikshop property taken for an additional $117.65 loss to her employer. The total loss on December 1, 2018, from Ms. Kittell's theft, documented by Kevin Barton and Myrna Myers, was $717.65.

Ms. Kittell's crimes are clearly viewable on State's exhibit #2. She testified that she accidentally swiped the $500.00 card while cleaning the card reader by swiping a card through the reader with a paper towel. That was both ridiculous and untruthful. No paper towel, no visible cleaning before, during, or after the transaction, and she made no attempt to cancel the transaction. She simply typed, swiped, closed the drawer without putting anything inside, grabbed the receipt, and moved off camera. Same for the second gift card transaction. Her fiddling with the register was well separated in time from the theft transactions. When the cash register records were checked by management, it was clearly an attempt to create a balanced drawer receipt for herself. She was creating a fake cover transaction using vacuum income. That store has no vacuum but the amount happened to match the $500.00 loss.

---

[1] Iowa Code section 714.2(3) then provided:
The theft of property exceeding five hundred dollars but not exceeding one thousand dollars in value, or the theft of any property not exceeding five hundred dollars in value by one who has before been twice convicted of theft, is theft in the third degree. Theft in the third degree is an aggravated misdemeanor.

> Ms. Kittell claims she only used the card to see if it had been activated. . . .
>
> . . . .
>
> Ms. Kittell is not credible. The evidence of the thefts on December 1, 2018, is overwhelmingly persuasive. The State has proven by evidence beyond a reasonable doubt that Ms. Kittell stole property f[ro]m her employer totaling $717.65. She is guilty of theft [in the third degree,] . . . an aggravated misdemeanor under existing law at the time the crime was committed. However, since the theft amounts have been raised by the State legislature effective July 1, 2019, she will be facing a lesser punishment to match the current law.

The court sentenced Kittell to 240 days in jail, imposed a fine and surcharges, ordered her to pay restitution in the amount of $700.00, and suspended the sentence and fine.

Kittell appeals. She claims there is insufficient evidence to sustain the conviction and, in the alternative, the court convicted her of the wrong degree of theft in light of the newly enacted Iowa Code section 714.2(3).[2]

> We review the sufficiency of the evidence for correction of errors at law. Pursuant to this review, "we examine whether, taken in the light most favorable to the State, the finding of guilt is supported by substantial evidence in the record." Substantial evidence exists when the evidence "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt."

*State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018) (citations omitted).

We have reviewed all of the record evidence in the light most favorable to the State, including all legitimate inferences and presumptions that could be fairly and reasonably deduced from the record. *State v. Thomas*, 561 N.W.2d 37, 39

---

[2] At the time of sentencing on October 25, 2019, section 714.2, which defines the degrees of theft, had been amended. *See* 2019 Iowa Acts, ch. 140, § 11, eff. July 1, 2019. The amended statute provides, "[T]heft of property exceeding three hundred dollars in value but not exceeding seven hundred fifty dollars in value is theft in the fourth degree. Theft in the fourth degree is a serious misdemeanor." Iowa Code § 714.2(4) (2019).

(Iowa 1997). Because the trial court's factual findings are supported by substantial evidence, we are bound by them. *See id.*

The court did not err in convicting Kittell for third-degree theft under the statute in effect at the time of the offense. *See State v. Marvin*, 307 N.W.2d 10, 12 (Iowa 1981) (noting that the amendment of a statute after judgment was rendered and while judgment was stayed on appeal does not affect the judgment rendered); Iowa Code § 4.13(1)(c) (2018) ("The . . . amendment . . . of a statute does not affect . . . [a]ny violation of the statute . . . prior to the amendment or repeal."). The district court appropriately imposed the reduced penalty under the amended statute. *See State v. Trader*, 661 N.W.2d 154, 156 (Iowa 2003) ("We have recognized that an amendment to a sentencing statute that reduces the penalty for an offense committed prior to its effective date must be applied if the statute is effective at the time of sentencing."); *State v. Chrisman*, 514 N.W.2d 57, 61 (Iowa 1994) (holding that where legislation reducing the punishment for burglary became effective after the crime was committed but before sentencing, the new legislation applied); *accord* Iowa Code § 4.13(2) ("If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the statute as amended."). Finding no error, we affirm.

**AFFIRMED.**